# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL AGUILAR, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> BILL LOCKYER, Attorney General; <br> KERN COUNTY DISTRICT ATTORNEY, <br><br> Defendants. | Civil No.   06-1741 BEN (CAB) <br><br> **ORDER DISMISSING CIVIL ACTION:** <br><br> **(1)  FOR FAILING TO PAY FILING FEE OR MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a);** <br><br> **AND** <br><br> **(2)  FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. §§ 1391(b) & 1406(a)** |

Plaintiff, currently incarcerated at Patton State Hospital in Patton, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges California Attorney General Bill Lockyer and the Kern County District Attorney have violated his Fourteenth Amendment rights by holding him in custody and without indictment "solely on the information of a 'Preliminary Hearing' pursuant to Article I § 14 of the California Constitution." (Compl. ¶ 14.) Plaintiff further claims he is being vindictively and maliciously prosecuted in violation of the Fifth Amendment. (*Id.* ¶ 17.) Plaintiff seeks no damages–only equitable and declaratory relief. (*Id.* ¶ 21(a), (b).)

/ / /

The Court first notes Plaintiff's Complaint is not signed by him; instead it has been "[p]repared by third party intervener Brian Steven McNeal." (*Id.* at 6.)[1] Because Plaintiff is proceeding in pro se, he may not have another inmate act as his counsel or otherwise represent him in this matter. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (noting that pro se litigants have no authority to represent anyone other than themselves); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Further, Federal Rule of Civil Procedure 11 applies to pro se litigants. *See* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.").

## I.

## Failure to Pay Filing Fee or Request IFP Status

Effective April 9, 2006, any party instituting a civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff has not paid the $350 filing fee required to maintain this civil action, nor has he submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, this action must be dismissed for failure to pay the filing fee or move to proceed IFP.

///

///

---

[1] The Court takes judicial notice of its own docket and notes that Brian Steven McNeal is also currently housed at Patton State Hospital. *See McNeal v. People of the State of California*, S.D. Cal. Civil Case No. 06-1790-JAH (JMA). Mr. McNeal, however, has had his *in forma pauperis* privileges revoked pursuant to the Prison Litigation Reform Act's "three-strikes" provision, 28 U.S.C. § 1915(g). *See McNeal v. Villaflor*, S.D. Cal. Civil Case No. 06-1508 BTM (RBB) (Aug. 29, 2006 "Order (1) Revoking Plaintiff's In Forma Pauperis Status; and (2) Dismissing Action for Seeking Monetary Damages Against an Immune Defendant") [Doc. No. 2]. Moreover, Mr. McNeal has had a prefiling review order entered against him in this district. *See In re Brian Steven McNeal*, S.D. Cal. Miscellaneous Case No. 06mc226-IEG ( May 8, 2006 "Order Declaring Respondent a Vexatious Litigant and Enjoining him from Filing Further Civil Actions Challenging his Ongoing State Criminal Proceedings without prior Permission of the Court") [Doc. No. 7].

## II.

## Lack of Proper Venue

The Court further finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff alleges he is "being held in lieu of U.S. Constitutional rights in San Bernardino County (Patton State Hospital)," and that "[v]enue in the Central District of California is proper pursuant to 28 U.S.C. § 1391." (Compl. ¶¶ 4, 5.) Plaintiff also alleges "[t]he conduct/practices set forth [in his Complaint] were commenced in Kern County," and taken by the Kern County District Attorney. (*Id.* ¶¶ 5, 7.) However, neither of the named Defendants is alleged to reside and no claim appears to have arisen in San Diego or Imperial Counties. *See* 28 U.S.C. § 84(d). Thus, venue may be proper in either the Central District of California, Eastern Division, or in the Eastern District of California pursuant to 28 U.S.C. § 84(c)(1), or (b), but not in the Southern District of California. *See* 28 U.S.C. § 84(d), § 1391; *Costlow*, 790 F.2d at 1488.

/ / /

/ / /

/ / /

## III.

## Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's case is **DISMISSED** without prejudice for failing to pay the $350 filing fee pursuant to 28 U.S.C. § 1914(a), failing to move to proceed IFP pursuant to 28 U.S.C. § 1915(a), and for lack of proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).  The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  September 19, 2006

_____
Hon. Roger T. Benitez
United States District Judge